<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| 9 ROSA PARKS LLC <br><br> Plaintiff, <br><br> v. <br><br> IMADIDDIN SAMKOGH, <br><br> Defendant. | Civil Action No. 24-cv-00703-JKS-MAH <br><br> **OPINION AND ORDER** <br><br> April 29, 2024 |

**SEMPER**, District Judge.

This matter comes before the Court upon Defendant Imadiddin Samkogh's notice of removal and his application to proceed in forma pauperis. (ECF 1.)

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Here, Defendant sufficiently establishes his inability to pay, and the Court grants his application to proceed in forma pauperis without prepayment of fees and costs.

When assessing an application to proceed in forma pauperis, however, the Court must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c). Because Defendant is proceeding pro se, the Court construes Defendant's papers liberally and holds him to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not credit a pro se party's

"'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

When a case is filed in state court, a defendant may remove any action over which federal courts have jurisdiction. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). This burden is heavy because removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* For removal to be proper, a federal court must have original jurisdiction. *Masimo Corp. v. Mindray DS USA Inc.*, No. 15-0457, 2015 U.S. Dist. LEXIS 116673, at \*12 (D.N.J. Sep. 1, 2015). "A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 U.S. Dist. LEXIS 59636, at \*2 (D.N.J. May 6, 2015). If jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A district court has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is federal question jurisdiction pursuant to 28 U.S.C. § 1331. Diversity jurisdiction exists when there is a dispute between citizens of different states alleging an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Here, both parties are citizens of New Jersey (ECF 1-1), so there is no diversity jurisdiction. Therefore, the action must arise under federal law for this Court to have subject matter jurisdiction.

Federal question jurisdiction exists when a dispute "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant alleges this matter arises under a federal question and therefore, this Court has original jurisdiction. (*See* ECF 1-1.) However, in a Notice to Quit attached to the Complaint filed in state court, the Plaintiff states that this action arises under New Jersey landlord-tenant law. (*See* ECF 1-4.) Federal courts typically lack subject

matter jurisdiction over state eviction actions and other landlord-tenant matters. *See, e.g.*, *Ostella Square LLC v. Williams*, No. 18-16173, 2019 U.S. Dist. LEXIS 33774, at *3 (D.N.J. Mar. 1, 2019); *Eubanks v. Young Women's Christian Ass'n*, No. 13-2050, 2013 U.S. Dist. LEXIS 126852, at *8 (M.D. Pa. Sept. 5, 2013). While Defendant's Civil Cover Sheet indicates that this case also involves "Other Labor Litigation[,]" he does not indicate in his submissions to this Court what labor laws are at issue. (*See generally* ECF 1.) This Court need not credit this bald assertion. *Grohs*, 984 F. Supp. 2d at 282 (quoting *Morse*, 132 F.3d at 906).

Therefore, this Court has no basis on which to exercise subject matter jurisdiction. Because the Court does not have original jurisdiction, remand is proper.

Accordingly, and for good cause shown,

**IT IS** on this 29th day of April 2024,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Defendant Imadiddin Samkogh's application to proceed in forma pauperis is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Notice of Removal without prepayment of the filing fee; and it is further

**ORDERED** that this matter is **REMANDED** to the Superior Court of New Jersey, Passaic County for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Defendant by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:     Clerk
cc:       Michael A. Hammer, U.S.M.J.
          Parties